PER CURIAM.
Respondent was charged with one count of misconduct, involving his failure to account properly to clients regarding settlement funds, failure to promptly deliver settlement funds to his clients, commingling and converting clients’ funds to his own use, failure to properly communicate with his clients, and failure to act with reasonable diligence in handling his clients’ affair's. Respondent’s actions were in violation of Rules of Professional Conduct 1.3, 1.4, 1.5, 1.15, and 8.4(a)(b) and (c). At the hearing before the Hearing Committee, respondent admitted to the formal charges.
The Hearing Committee concluded that numerous mitigating circumstances were involved in this case, including the absence of a prior disciplinary record, lack of a dishonest or selfish motive, payment of full restitution by respondent after the client’s complaint was filed with the Bar Association but prior to the filing of formal charges, payment of legal interest on the late disbursement upon demand, cooperation with the disciplinary proceedings, admission of the formal charges, four year lapse of time since the events giving rise to the charges, respondent’s financial reverses and domestic problems during the relevant time period, good character and remorsefulness. The Committee found no aggravating factors. The Committee further noted that the clients’ incarceration at the time of the events giving rise to the charges was a complicating factor in this case. The Hearing Committee recommended a six month suspension and that respondent be required to take and pass a test on legal ethics prior to reinstatement.
On review the Disciplinary Board concurred in the Committee’s recommendation of a six month suspension. The Board further recommended that respondent be required to take and pass the Multistate Professional Responsibility Exam (MPRE) before he will be eligible for reinstatement.
Disciplinary Counsel filed an objection to the proposed discipline, stating that the discipline recommended by the Committee and the Board is inadequate since the evidence established that respondent knowingly and intentionally used his clients’ money for his own purposes and failed to pay them upon demand. Counsel further concluded that the clients suffered serious harm in being deprived of their money for eighteen months. Counsel noted that respondent was not fully cooperative with the disciplinary process but rather delayed the proceedings by failing to *753 submit a substantive answer to the complaint for fourteen months after being notified. Finally, Disciplinary Counsel alleged that this incident did not represent an isolated act of misconduct since respondent represented other clients, received funds belonging to those clients, and failed to deposit those funds in a client trust account. Disciplinary Counsel found that most of the factors warranting a three year suspension are present in this case, but recommended a suspension of one year and one day because of the numerous mitigating factors. Disciplinary Counsel concurred with the Board’s recommendation that respondent take and pass the MPRE prior to reinstatement.
Upon review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, the objections and recommendations of Disciplinary Counsel, and upon consideration of the oral argument before this court and the record filed herein, this court adopts the recommendations of the Disciplinary Board.
DECREE
Accordingly, it is ordered that James E. Burks be suspended from the practice of law for six months, effective on the date of this order. Respondent is further ordered to take and pass the Multistate Professional Responsibility Exam and to notify the Office of Disciplinary Counsel of his successful completion of that exam as a condition of reinstatement.
SUSPENSION ORDERED.
MARVIN, Justice Pro Tem. in place of Justice Dennis, was the Justice not on panel in this case. See Rule IV, Part 2, Section 3.
LEMMON, J., dissents and assigns reasons.